IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CHARLES PHILLIP PAYNE, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 14-171 |
| vs. | ) | Judge Cathy Bissoon |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| TABB BICKELL, *et al.*, | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

Charles Phillip Payne ("Petitioner") was convicted of first degree murder and firearms offenses on November 1, 2006. Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254. (Doc. 4). Magistrate Judge Kelly issued a Report and Recommendation (Doc. 16) recommending denial of the Petition as well as denying a Certificate of Appealability ("COA"). Petitioner was informed that he could file objections but did not file any objections. Accordingly, the undersigned adopted the Report and Recommendation and dismissed the Petition and denied a COA. (Doc. 17). Petitioner then filed a request for extension of time to file his Notice of Appeal (Doc. 19), which was granted. (Doc. 20). Petitioner then filed his Notice of Appeal. (Doc. 21).

Now Petitioner has filed a "Motion for a Certificate of Appealability" in this Court. (Doc. 24). In light of the fact that the Court has already denied a COA, we construe Petitioner's Motion for COA as a Motion To Alter or Amend a Judgment filed pursuant to Fed.R.Civ.P. 59(e), also known as a Motion for Reconsideration, which is directed at the Court's Order dismissing the Petition and denying a COA. Construed as such, we deny the Motion for COA. Holsworth v. Berg, 322 F. App'x 143, 146 (3d Cir. 2009) ("Although Berg did not identify whether his motion for reconsideration was pursuant to Rule 59(e) or Rule 60(b), we view such a

motion 'as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment.'") (quoting <u>Fed. Kemper Ins. Co. v. Rauscher</u>, 807 F.2d 345, 348 (3d Cir.1986) (internal citation omitted)).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985). Petitioner here must establish: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999); Berg, 322 F. App'x at 146. After considering Petitioner's arguments, Petitioner fails to carry his heavy burden for meriting the grant of a motion for reconsideration. <u>Florida Power and Light Co. v. U.S.</u>, 66 Fed.Cl. 93, 96 (Fed.Cl., 2005) ("a party moving for reconsideration under FRCP 59 bears a heavy burden"). Accordingly, the Petitioner's Motion for a COA (Doc. 24), deemed to constitute a Motion For Reconsideration, is DENIED. <u>See</u>, <u>e.g.</u>, <u>Kemp v. Mitchem</u>, No. CIV.A. 08-0745-WS-N, 2010 WL 1382556, at *2 (S.D. Ala. March 30, 2010) ("Accordingly, it is the RECOMMENDATION of the undersigned that the Motion for Certificate of Appealability be deemed to be a Motion for Reconsideration, and that it be DENIED").

IT IS SO ORDERED.

May 27, 2016                          s\Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge

cc (via ECF email notification):

All counsel of record

cc (via First-Class U.S. Mail):

CHARLES PHILLIP PAYNE
HU9154
1100 Pike St.
Huntingdon, PA 16654